STATE OF NORTH CAROLINA v. RONALD McILWAIN

No. 7326SC323

(Filed 23 May 1973)

**Constitutional Law § 36; Robbery § 6— sentence for armed robbery — cruel and unusual punishment**
    There is no merit in defendant's contention that a sentence of twenty to twenty-five years imposed on him for armed robbery constitutes cruel and unusual punishment because the two eyewitnesses who testified for the State were doubtful about pretrial identification of defendant as one of the perpetrators of the crime.

APPEAL by defendant from *Friday, Judge,* 2 October 1972 Session of MECKLENBURG Superior Court.

Defendant was charged in a bill of indictment with armed robbery of Carrie Lynn Schrecengost on 25 December 1971. The evidence tended to show that about 9:00 p.m. on that date three Negro males entered the Horne's Motor Lodge in Charlotte, North Carolina, inquired about the price of lodging, and then one of them pulled a pistol from his pocket, shot Mrs. Schrecengost, and took over $200.00 from the cash register. Mrs. Schrecengost and Tony Prince were desk clerks in the Motor Lodge on that date.

Defendant was convicted and sentenced to imprisonment for not less than twenty years nor more than twenty-five years.

*Attorney General Morgan by Assistant Attorney General Howard P. Satisky for the State.*

*Charles V. Bell for defendant appellant.*

CAMPBELL, Judge.

Defendant's only exception in the record is to the judgment sentencing him to imprisonment for twenty to twenty-five years. The theory of defendant's assignment of error is that because the two eyewitnesses were doubtful about pretrial identification of the defendant as one of the perpetrators of the crime, the judge abused his discretion by imposing cruel and unusual punishment.

At the trial both witnesses to the armed robbery were positive that defendant was one of the three robbers. They recognized his facial appearance, particularly a scar over his left eye. Prior to trial at a lineup in which defendant stood number four out of five or six Negro males, witness Prince said he thought number four was one of the robbers, but that he was not certain. Witness Schrecengost did not identify anyone in the lineup. After the lineup each witness examined a group of photographs, and each independently of the other picked out defendant's photograph.

We find in this evidence absolutely no hint of suggestiveness in the pretrial identification of the defendant. Since defendant did not enter even a general objection to the in-court identification, he was not entitled to a voir dire hearing. *State v. Stepney*, 280 N.C. 306, 185 S.E. 2d 844 (1972).

A sentence of imprisonment which is within the maximum authorized by statute is not cruel or unusual in a constitutional sense. See *State v. Johnson*, No. 735SC369, filed in the Court of Appeals on 23 May 1973.

Affirmed.

Judges HEDRICK and VAUGHN concur.